UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY CORRAL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>F. GONZALEZ, Warden, et al.,<br><br>　　　　　Respondents. | 1:10-CV-00699 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

On April 21, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the lawfulness of confinement or to particulars affecting its duration." Hill v. McDonough, 547 U.S. 573, 579 (2006); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Preiser v.

Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner claims he has been wrongfully classified as an active gang member. He alleges that as a result of his gang validation he has been placed in the secured housing unit in violation of his due process rights. Petitioner's claims are not cognizable in federal habeas corpus. "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.2003). In particular, where, as here, a petitioner's successful challenge to his validation as a gang member and the administrative segregation resulting therefrom will not necessarily shorten the prisoner's sentence, habeas jurisdiction does not lie. Id. Accordingly, Petitioner may not proceed with his claims by way of federal habeas corpus and the petition must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.  The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then

1  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  **Dated:      June 2, 2010**                             **/s/ Sandra M. Snyder**
                                                           UNITED STATES MAGISTRATE JUDGE