1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMMY CORRAL, | ) | 1:10-CV-00699 LJO SMS HC |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | |
| | ) | [Doc. #21] |
| F. GONZALEZ, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections at the California Correctional Institution located in Tehachapi, California.  He challenges a 2008 decision of the California Department of Corrections and Rehabilitation validating him as an active prison gang affiliate.

Petitioner filed three post-conviction collateral challenges with respect to the judgment in the state courts, as follows:

---

[1] This information is derived from the documents lodged by Respondent with his response.

1      1)    <u>Kern County Superior Court</u>
               Filed: July 30, 2009[2];

2                 Denied: September 28, 2009;

3      2)    <u>California Court of Appeal, Fifth Appellate District</u>
               Filed: November 20, 2009;

4                 Denied: December 7, 2009;

5      3)    <u>California Supreme Court</u>
               Filed: January 25, 2010;

6                 Denied: March 10, 2010.

7  On April 21, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this

8  Court.  On October 6, 2010, Respondent filed a motion to dismiss the petition for violation of the

9  statute of limitations, for failure to exhaust state remedies, and for failure to state cognizable claims

10  for relief.  Petitioner filed an opposition on November 1, 2010.  Respondent filed a reply on

11  November 19, 2010.

12  **DISCUSSION**

13  <u>I.  Procedural Grounds for Motion to Dismiss</u>

14  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

15  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

16  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

17  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

18  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

19  state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

20  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874

21  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

22  state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

23  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

24  should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

25  In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

26  one-year limitations period, for failure to exhaust state remedies, and for failure to state cognizable

27  _____

28      [2] Pursuant to the mailbox rule, the Court deems the petitions filed on the dates Petitioner signed them and presumably handed them to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

1    claims.  Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority

2    under Rule 4.

3    II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

4          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

5    1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

6    habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

7    2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

8    586 (1997).

9          In this case, the petition was filed on April 21, 2010, and therefore, it is subject to the

10   provisions of the AEDPA.  The AEDPA imposes a one-year limitations period on petitioners seeking

11   to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

12   subdivision (d) reads:

13         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
     corpus by a person in custody pursuant to the judgment of a State court.  The
14   limitation period shall run from the latest of –

15         (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;
16
           (B) the date on which the impediment to filing an application created by
17   State action in violation of the Constitution or laws of the United States is removed, if
     the applicant was prevented from filing by such State action;
18
           (C) the date on which the constitutional right asserted was initially recognized by
19   the Supreme Court, if the right has been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or
20
           (D) the date on which the factual predicate of the claim or claims presented
21   could have been discovered through the exercise of due diligence.

22         (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
23   not be counted toward any period of limitation under this subsection.

24   28 U.S.C. § 2244(d).

25         In most cases, the limitations period begins running on the date that the petitioner's direct

26   review became final.  In a case such as this where Petitioner challenges a decision by prison

27   authorities, the limitations period commences on the date on which Petitioner could have discovered

28   the factual predicate of his claims.  28 U.S.C. § 2244(d)(1)(D).  Here, the triggering date was

May 14, 2008, the date on which he was validated as a prison gang affiliate.  Accordingly, the statute

of limitations commenced the following day on May 15, 2008, and expired one year later on May 14,

2009.  Petitioner did not file his federal petition until April 21, 2010.  Absent applicable tolling, the

petition is untimely by nearly a year and barred by the statute of limitations.

A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In

Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

properly pursuing post-conviction relief, and the period is tolled during the intervals between one

state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

1999), *cert. denied,* 120 S.Ct. 1846 (2000).  Nevertheless, state petitions will only toll the one-year

statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo,

544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). If the state court states the petition was

untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the

claim, or whether its timeliness ruling was "entangled" with the merits." Carey, 536 U.S. at 226;

Pace, 544 U.S. at 414.

In this case, the statute of limitations commenced on May 15, 2008 and expired one year later

on May 14, 2009.  Petitioner did not file any state habeas petitions within that time.  His first state

petition was not filed until July 30, 2009, which was over two months after the limitations period

had already expired.  Consequently, Petitioner is not entitled to statutory tolling and his petition

remains untimely.

In his opposition, however, Petitioner argues he could not have filed his state habeas petitions

sooner since he was pursuing his administrative remedies with respect to his claims and he could not

file his state petitions until after the administrative process was completed.  As Respondent correctly

contends, Petitioner's arguments are not well taken.  The administrative appeals did not pertain to his

1   2008 gang validation.  Rather, the appeals that Petitioner filed concerned the prison officials' 2009

2   decision to retain him in secured housing custody due to his ongoing status as a gang associate.  As

3   further pointed out by Respondent, the time for filing an administrative appeal with respect to the

4   2008 decision expired well before Petitioner pursued his administrative appeals concerning the 2009

5   housing decision. Cal. Code Regs., tit. 15, § 3084.6(c).

6          B.  Equitable Tolling

7          The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

8   he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

9   way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

10  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

11  citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

12  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

13  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

14  (9th Cir.1993).  In this case, the Court finds no reason to grant equitable tolling.  Therefore, the

15  petition remains untimely and must be dismissed.

16  III.  Exhaustion of State Remedies

17         A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

18  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

19  exhaustion doctrine is based on comity to the state court and gives the state court the initial

20  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

21  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

22  1163 (9th Cir. 1988).

23         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

24  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

25  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

26  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

27  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

28  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

1   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

2          Additionally, the petitioner must have specifically told the state court that he was raising a

3   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

4   (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

5   Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

6   reiterated the rule as follows:

7          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
8   of state remedies requires that petitioners "fairly presen[t]" federal claims to the
    state courts in order to give the State the "'opportunity to pass upon and correct
    alleged violations of the prisoners' federal rights" (some internal quotation marks
9   omitted). If state courts are to be given the opportunity to correct alleged violations
    of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
10  are asserting claims under the United States Constitution. If a habeas petitioner
    wishes to claim that an evidentiary ruling at a state court trial denied him the due
11  process of law guaranteed by the Fourteenth Amendment, he must say so, not only
    in federal court, but in state court.

12  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

13
14         Our rule is that a state prisoner has not "fairly presented" (and thus
    exhausted) his federal claims in state court *unless he specifically indicated to
    that court that those claims were based on federal law.* See Shumway v. Payne,
15  223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
    Duncan, this court has held that the *petitioner must make the federal basis of the
16  claim explicit either by citing federal law or the decisions of federal courts, even
    if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
17  (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
    underlying claim would be decided under state law on the same considerations
18  that would control resolution of the claim on federal grounds. Hiivala v. Wood,
    195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
19  (9th Cir. 1996); . . . .
           In Johnson, we explained that the petitioner must alert the state court to
20  the fact that the relevant claim is a federal one without regard to how similar the
    state and federal standards for reviewing the claim may be or how obvious the
21  violation of federal law is.

22  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

23         In this case, Petitioner presents four grounds for relief.  Respondent concedes that the first

24  three grounds were presented to the California Supreme Court and exhausted.  However, Respondent

25  argues that the fourth ground alleging an ex post facto violation was not presented to the California

26  Supreme Court.  Respondent's arguments are persuasive.  Petitioner did not present the claim in his

27  habeas petition to the California Supreme Court.  The claim is therefore unexhausted.  The instant

28  petition is a mixed petition containing exhausted and unexhausted claims.  Normally, the Court

1  would dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the

2  unexhausted claim.  As previously discussed, however, all of the claims presented in the instant

3  petition are untimely.  Therefore, the petition should be dismissed with prejudice.

4  IV.  Failure to Present a Cognizable Claim

5        Respondent also alleges that Petitioner fails to state a cognizable claim with respect to his

6  allegation that his placement in the secured housing unit as a result of his gang validation violated

7  his due process rights.

8        In this case, it can be argued that Petitioner has a liberty interest in avoiding placement in the

9  secured housing unit.  In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court found no liberty

10  interest protecting against a 30-day assignment to segregated confinement because it did not "present

11  a dramatic departure from the basic conditions of [the inmate's] sentence." Id. at 485.  In Wilkinson

12  v. Austin, 545 U.S. 209 (2005), the Supreme Court held that state inmates have a liberty interest in

13  avoiding assignment to Ohio's supermax prison because the conditions experienced by inmates in

14  Ohio's supermax prison were clearly an atypical and significant hardship. Id. at 223.  In this case,

15  Petitioner is being confined in a secured housing area for an extended period of time.  Therefore,

16  Petitioner arguably is suffering an atypical and significant hardship not experienced by the general

17  population which would give rise to a liberty interest.

18        Once a liberty interest has been found, the question is then how much process is due. Id. at

19  224.  In Wilkinson, the Supreme Court found a liberty interest and applied the three-part Matthews[3]

20  test to determine whether the inmate had received his due process protections.  The Court found that

21  in the context of a prisoner's housing placement, it was sufficient that the state had provided the

22  inmate with notice of the adverse decision, reasons for the decision, and an opportunity to be heard.

23  Wilkinson, 545 U.S. at 225-229.  In this case, even assuming a liberty interest exists in avoiding

24  placement in the secured housing unit for an extended period of time, it is undisputed that Petitioner

25  received the same protections discussed in Wilkinson.  Therefore, Respondent is correct that

26  Petitioner fails to present a federal claim.

27

28        [3]Matthews v. Eldridge, 424 U.S. 319, 335 (1976).

1

**RECOMMENDATION**

2      Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be

3 GRANTED and the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.  The

4 Court further RECOMMENDS that the Clerk of Court be DIRECTED to enter judgment for

5 Respondent.

6      This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

7 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

8 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

9 Within thirty (30) days after service of the Findings and Recommendation, any party may file written

10 objections with the court and serve a copy on all parties.  Such a document should be captioned

11 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

12 be served and filed within fourteen (14) days after service of the objections.  The Court will then

13 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised

14 that failure to file objections within the specified time may waive the right to appeal the District

15 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17 IT IS SO ORDERED.

18 **Dated:    December 1, 2010          /s/ Sandra M. Snyder**
                                   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28